**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Marilyn Kelly           Michael F. Cavanagh
                        Maura D. Corrigan
                        Robert P. Young, Jr.
                        Stephen J. Markman
                        Diane M. Hathaway
                        Alton Thomas Davis

FILED SEPTEMBER 7, 2010

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                        No. 138988

LEONARD LEPPEL JACKSON,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH (except DAVIS, J.)

HATHAWAY, J.

We heard oral argument on whether to grant defendant's application for leave to appeal. At issue is whether defendant is entitled to resentencing for an armed-robbery conviction when the Court of Appeals vacated his concurrent convictions for felonious assault that had been used as a factor in calculating his sentence for armed robbery. Court of Appeals remands for resentencing are governed by MCL 769.34, which requires that cases be remanded when the sentence is based on inaccurate information. We conclude that defendant is entitled to resentencing because defendant's sentence is now

based on inaccurate information. We further conclude that because defendant requested a remand for resentencing as part of his appeal to vacate the felonious-assault convictions, he complied with the requirement of MCL 769.34(10), which mandates that a request for remand be made in a proper motion filed in the Court of Appeals.

Accordingly, the Court of Appeals erred by failing to remand for resentencing. In lieu of granting leave to appeal, we reverse the portion of the Court of Appeals' decision that concluded that the Court could not remand for resentencing. We therefore vacate defendant's sentence and remand for resentencing.

## I. FACTS AND PROCEEDINGS

On the evening of January 12, 2007, Sherry Taylor was leaving a store with her two young children. As she was helping her children into her car, she noticed a man, who was later identified as defendant, running toward her. Taylor claimed that defendant approached her, pointed a gun at her children, and threatened to shoot them unless Taylor gave him all her money. Taylor gave defendant $120 and some other items, and then defendant ran away. He was apprehended several months later when Taylor happened to recognize him in public and called the police. The gun that Taylor claimed to have seen was never recovered.

2

Defendant was charged with armed robbery,[1] two counts of felonious assault,[2] felon in possession of a firearm,[3] and possession of a firearm during the commission of a felony.[4]  At a bench trial, defendant was acquitted of the charges of felon in possession of a firearm and possession of a firearm during the commission of a felony after the court determined that the prosecution had failed to prove defendant actually had a gun when he demanded Taylor's money.  Defendant was convicted of armed robbery.  Additionally, despite the lack of proof that defendant had a weapon, defendant was also convicted of two counts of felonious assault.

During the calculation of defendant's recommended minimum sentence range for armed robbery under the sentencing guidelines, defendant was assessed 20 points under prior record variable 7 (PRV 7) as a result of the two felonious-assault convictions.[5]  Consequently, his minimum sentence range was 108 to 270 months.  Had defendant not been assessed 20 points under PRV 7, his minimum sentence range would have been 81

---

[1] MCL 750.529.

[2] MCL 750.82. "'The elements of felonious assault are (1) an assault, (2) *with a dangerous weapon*, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.'"  *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007) (citation omitted; emphasis added).

[3] MCL 750.224f.

[4] MCL 750.227b.

[5] See MCL 777.57(1)(a) (stating that 20 points should be assessed if "[t]he offender has 2 or more subsequent or concurrent convictions").

to 202 months.[6] The trial court stated its intention to sentence defendant at the lower end of the guidelines range and sentenced defendant as a third-offense habitual offender[7] to concurrent prison terms of 108 to 240 months for armed robbery and 24 to 96 months for each felonious-assault conviction.

Defendant appealed in the Court of Appeals and argued that the trial court erred by convicting him of two counts of felonious assault while simultaneously finding that he did not have a gun during the commission of the armed robbery. Defendant argued that felonious assault requires the prosecution prove that a dangerous weapon was used in the commission of the crime as an element of the crime, thus making the convictions inconsistent with the trial court's factual findings. As part of his appeal, defendant also requested that his case be remanded for resentencing on his armed-robbery conviction because of this error.

The Court of Appeals agreed that it was error to convict defendant of felonious assault when defendant did not have a dangerous weapon at the time of the crime. The Court opined that while an armed robbery can be committed without the use of a

---

[6] Our opinion only addresses defendant's guidelines range with respect to the PRV 7 assessed points, and not the two additional errors that were made in scoring offense variable (OV) 1 and OV 2, as discussed by the Court of Appeals, because defendant did not raise the two OV scoring errors in the appeal in this Court. However, as recognized in the concurrence, defendant's correct guidelines range with the two additional scoring errors removed is 51 to 127 months. Nothing in this opinion precludes the trial court from reviewing and correcting the OV scoring errors, as found by the Court of Appeals, on remand for resentencing.

[7] MCL 769.11.

4

dangerous weapon, a felonious assault cannot.[8]  In light of this error, the Court vacated defendant's felonious-assault convictions.  However, the Court rejected defendant's request for resentencing on the armed-robbery conviction, concluding that it was required by MCL 769.34(10) to affirm defendant's sentence because the sentence remained "within the appropriate guidelines range" and defendant had not raised the issue "'at sentencing, in a proper motion for resentencing, or in a proper motion to remand' . . . ."[9]

Defendant applied for leave to appeal in this Court, and we heard oral argument on whether to grant the application or take other preemptory action.  At issue is whether defendant was entitled to resentencing under these circumstances.[10]

---

[8] *People v Jackson*, unpublished opinion per curiam of the Court of Appeals, issued March 26, 2009 (Docket No. 281380), pp 2-3, citing *Chambers*, 277 Mich App at 9.

[9] *Jackson*, unpub op at 5, quoting MCL 769.34(10).

[10] *People v Jackson*, 485 Mich 968 (2009).  The order provided:

> We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action.  MCR 7.302(H)(1). The parties shall submit supplemental briefs within 42 days of the date of this order addressing whether the defendant is entitled to resentencing, where the Court of Appeals vacated two of the defendant's three convictions, resulting in a reduction of the guidelines sentence range, but where the defendant's minimum sentence is within the corrected guidelines sentence range.  MCL 769.34(10); *People v Francisco*, 474 Mich 82 [711 NW2d 44] (2006).  The parties should avoid submitting a mere restatement of the arguments made in their application papers.  [*Id*. at 968-969.]

5

## II. STANDARD OF REVIEW

The issues in this case involve the proper interpretation and application of the statutory sentencing guidelines, which are both legal issues that this Court reviews de novo.[11]

## III. ANALYSIS

At issue in this case is whether defendant is entitled to resentencing for his armed-robbery conviction when the Court of Appeals vacated his concurrent convictions for felonious assault that were used as a factor in calculating the sentence for armed robbery. The Court of Appeals vacated defendant's felonious-assault convictions; however, the Court refused to remand the case for resentencing, concluding:

> Although we conclude that these variables [PRV 7, OV 1, and OV 2] were improperly scored, as discussed below, we must affirm defendant's sentence because it "is within the appropriate guidelines sentence range" and defendant failed to raise this issue "at sentencing, in a proper motion for resentencing, or in a proper motion to remand" filed with this Court.[12]

The Court of Appeals focused on two specific provisions within MCL 769.34(10): whether the sentence was "within the appropriate guidelines" range and whether defendant raised the issue "at sentencing, in a proper motion for resentencing, or in a

---

[11] *In re Investigation of March 1999 Riots in East Lansing*, 463 Mich 378, 383; 617 NW2d 310 (2000); *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

[12] *Jackson*, unpub op at 4, quoting MCL 769.34(10).

proper motion to remand . . . ." Thus, the proper interpretation of MCL 769.34(10) governs the result in this case.[13]

In interpreting statutes, we follow established rules of statutory construction. Assuming that the Legislature has acted within its constitutional authority, the purpose of statutory construction is to discern and give effect to the intent of the Legislature.[14] Accordingly, the Court must interpret the language of a statute in a manner that is consistent with the legislative intent.[15] In determining the legislative intent, we must first look to the actual language of the statute.[16] As far as possible, effect should be given to every phrase, clause, and word in the statute.[17] Moreover, the statutory language must be read and understood in its grammatical context.[18] When considering the correct interpretation, the statute must be read as a whole.[19] Individual words and phrases, while important, should be read in the context of the entire legislative scheme.[20] In defining

---

[13] We recently addressed the proper application of MCL 769.34(10) in *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006); however, the case before us presents additional issues not addressed in *Francisco*.

[14] *Potter v McLeary*, 484 Mich 397, 411; 774 NW2d 1 (2009), citing *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

[15] *Potter*, 484 Mich at 410-411.

[16] *Id.* at 410.

[17] *Sun Valley*, 460 Mich at 237.

[18] *Herman v Berrien Co*, 481 Mich 352, 366; 750 NW2d 570 (2008).

[19] *Sun Valley*, 460 Mich at 237.

[20] *Herman*, 481 Mich at 366.

particular words within a statute, we must consider both the plain meaning of the critical word or phrase and its placement and purpose in the statutory scheme.[21]

MCL 769.34(10) specifically governs remands for resentencing. This subsection provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and *shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence*. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range *unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals*. [Emphasis added.]

A

We first review whether a remand for resentencing was barred because defendant's minimum sentence was *within the appropriate guidelines range.* The first sentence of MCL 769.34(10) governs when the Court shall or shall not remand for resentencing: "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals *shall affirm* that sentence and *shall not remand* for resentencing *absent an error in scoring the sentencing guidelines or inaccurate information* relied upon in determining the defendant's sentence." (Emphasis added.) The clear meaning of this sentence is that the Court shall not remand for resentencing *unless* there was either an error in scoring or defendant's sentence was based on inaccurate information.[22]

---

[21] *Id.*

[22] See *Francisco*, 474 Mich at 88-89.

8

Conversely, this means that the Court is required to remand whenever one of these two circumstances is present.[23] Thus, the Court may not ignore the two criteria for when a case should be remanded merely because the sentence is within the appropriate guidelines range. When the defendant's sentence is based on an *error in scoring* or *based on inaccurate information*, a remand for resentencing is required.[24]

In this case, the trial court had assessed points for convictions that were vacated on appeal. Before the felonious-assault convictions were vacated, defendant was assessed 20 points under PRV 7 for his armed-robbery conviction because the felonious assaults were concurrent convictions. Consequently, his minimum sentence range for the armed robbery was 108 to 270 months. Had defendant been correctly assessed zero points instead of 20 under PRV 7, his minimum sentence range would have been 81 to 202 months. Thus, assessing defendant 20 points under PRV 7 resulted in a sentence based on inaccurate information. Because the clear and unambiguous language of MCL 769.34(10) requires a remand for resentencing when the sentence is based on inaccurate information, the Court of Appeals erred by concluding that it was barred from remanding the case for resentencing based on the plain language of the statute.

Moreover, this is the same analysis and conclusion that we arrived at in *People v Francisco*. In *Francisco*, this Court held that a defendant is entitled to resentencing when

---

[23] See *id.* at 90-91.

[24] We emphasize that this does not mean that the trial court is required to change the sentence on remand. See *id.* at 91. However, a remand to the trial court is required in these circumstances so that the issue of resentencing can be considered by the trial court in light of the new information.

the trial court erred in scoring an offense variable, and the error affected the statutory sentencing guidelines range. The trial court had sentenced the defendant to a minimum of 102 months imprisonment under the mistaken belief that the proper guidelines range was 87 to 217 months, when the correct range was actually 78 to 195 months.[25] Although the defendant's minimum sentence was still within the guidelines range, we held that a remand for resentencing was required[26] because the statutory phrase at issue— "absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence"—"makes clear that the Legislature intended to have defendants sentenced according to accurately scored guidelines and in reliance on accurate information . . . ."[27] As a result, we held that when "appellate correction of an erroneously calculated guidelines range" results in a sentence that "stands differently in relationship to the correct guidelines range," a defendant is "entitled to be resentenced."[28] As we stated in *Francisco*, this interpretation of MCL 769.34(10) is consistent with the clearly expressed legislative intent and prior case law:

> MCL 769.34(10) makes clear that the Legislature intended to have defendants sentenced according to accurately scored guidelines and in reliance on accurate information (although this Court might have presumed the same even absent such express language). Moreover, we have held that "a sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). In this case, there was a

---

[25] *Francisco*, 474 Mich at 91.

[26] *Id*. at 92.

[27] *Id*. at 89.

[28] *Id*. at 91-92.

scoring error, the scoring error altered the appropriate guidelines range, and defendant preserved the issue at sentencing. It would be in derogation of the law, and fundamentally unfair, to deny a defendant in the instant circumstance the opportunity to be resentenced on the basis of accurate information. A defendant is entitled to be sentenced in accord with the law, and is entitled to be sentenced by a judge who is acting in conformity with such law.[29]

In the present case defendant's sentence was based on inaccurate information, and he is entitled to resentencing.[30] Accordingly, we conclude that that the Court of Appeals erred by holding that it was barred from remanding for resentencing because the minimum sentence was within the appropriate sentencing guidelines range.

---

[29] *Id.* at 89-91.

[30] We note that the trial court in this case stated that it intended to sentence defendant at the lower end of the guidelines range and that defendant's minimum sentence for armed robbery is no longer at that lower end as a result of the scoring adjustment. While such an expression of intent is not outcome determinative for purposes of deciding whether resentencing should occur, it indeed illustrates one of the several reasons why fairness dictates this result. As we stated in *Francisco*,

[w]hile the difference between the mistaken and the correct guidelines ranges is relatively small, the fundamental problem nonetheless is illustrated. The actual sentence suggests an intention by the trial court to sentence defendant near the bottom of the appropriate guidelines range— specifically, fifteen months or 17 percent above the 87-month minimum. Had the trial court been acting on the basis of the correct guidelines range, however, we simply do not know whether it would have been prepared to sentence defendant to a term 24 months or 30 percent above the new 78-month minimum. Indeed, appellate correction of an erroneously calculated guidelines range will always present this dilemma, i.e., the defendant will have been given a sentence which stands differently in relationship to the correct guidelines range than may have been the trial court's intention. Thus, requiring resentencing in such circumstances not only respects the defendant's right to be sentenced on the basis of the law, but it also respects the trial court's interest in having defendant serve the sentence that it truly intends. [*Id.* at 91-92.]

11

B

We next consider whether defendant was barred from requesting resentencing by the second sentence of MCL 769.34(10), which states:

> A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has *raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals*. [Emphasis added.]

The prosecution argues that this language limits requests for resentencing to those made by one of three specific procedural processes: either *at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the Court of Appeals*. The prosecution further argues that because defendant made his request for a remand for resentencing in his brief on appeal, rather than in a separate motion for remand in the Court of Appeals, the Court was precluded from granting his request. The Court of Appeals agreed with this argument. We, however, do not agree with such a narrow interpretation of this statute because this interpretation disregards the plain language of the statute and our court rules.

The prosecution is correct that the statute limits the processes and timing of a request by a defendant to request resentencing. According to the statute, there are two ways for the defendant to make this request at the trial court level: either by making the request at sentencing or in a proper motion for resentencing. In cases on appeal, the request must be made in a *proper motion to remand filed in the Court of Appeals*. In this case, we need not address whether defendant followed the procedures to request relief in

the trial court for the scoring based on the felonious-assault convictions because either procedure would have been futile until such time as the Court of Appeals affirmed or reversed the felonious-assault convictions. Nor would we expect a trial court to anticipate that its rulings might be found incorrect or force it to entertain such a motion. Accordingly, given the circumstances in this case, the only issue presented is whether defendant made a proper motion to remand in the Court of Appeals.

To determine whether defendant complied with this section of the statute, we must first determine what constitutes a *proper motion* to remand in the Court of Appeals. What constitutes a proper motion in any court is not within the purview of the Legislature because defining the procedures for filing a motion presents a procedural issue.[31] Nor will we assume that the Legislature intended to impose any particular method by which such a filing must be undertaken. Accordingly, it is entirely within this Court's purview to determine what constitutes a *proper motion* and what procedures and timing best suit our appellate courts practices.

---

[31] It is well established that the rules of procedure in judicial matters rest exclusively with the judiciary and this Court. This rule-making authority can be traced from our earlier constitutions to its current form, which states: "The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state. The distinctions between law and equity proceedings shall, as far as practicable, be abolished. The office of master in chancery is prohibited." Const 1963, art 6, § 5.

In *Perin v Peuler (On Rehearing)*, 373 Mich 531, 541; 130 NW2d 4 (1964), overruled in part on other grounds by *McDougall v Schanz*, 461 Mich 15, 32; 597 NW2d 148 (1999), this Court opined that the "function of enacting and amending judicial rules of practice and procedure has been committed exclusively to this Court; a function with which the legislature may not meddle or interfere save as the Court may acquiesce and adopt for retention at judicial will." (Citations omitted.)

Unfortunately, the Court of Appeals failed to explain why it determined that a *proper motion* had not been filed. We can only presume that the Court determined that the statute requires a separate motion be filed pursuant to MCR 7.211. However, we do not agree because this rule does not provide grounds for a motion given the circumstances presented in this case. MCR 7.211(C)(1) governs the general category of motions to remand in the Court of Appeals and provides:

> (a) Within the time provided for filing the appellant's brief, the appellant may move to remand to the trial court. The motion *must* identify an issue sought to be reviewed on appeal and show:

> (i) that the issue is one that is of record and that *must be initially decided by the trial court*; or

> (ii) that *development of a factual record is required* for appellate consideration of the issue. [Emphasis added.]

In order to file a proper motion to remand under MCR 7.211(C)(1), a defendant must file the motion within the time provided for filing his brief on appeal, which could have been done by defendant. However, the allowable grounds for maintaining such a motion are limited. Under this rule, the motion must articulate that a remand is necessary because the issue is either (i) one that is "of record and . . . *must be initially decided by the trial court*" or (ii) one in which "*development of a factual record is required* for appellate consideration of the issue." MCR 7.211(C)(1)(a)(i) and (ii). Subsection (i) clearly requires that remand be necessary because the underlying issue is one that the trial court must resolve before appellate adjudication. Subsection (ii) clearly requires that remand be necessary because further factual development is needed before the case is ripe for appellate adjudication. In this case, filing a motion under subsection (i) would

14

not have been proper because the trial court could not have initially decided this issue. Filing a motion under subsection (ii) would also not have been proper because the issue was not one that required further factual development before the case was ripe for appellate review. To the contrary, in this case, the issue was not ripe for remand to the trial court until the appellate court completed its review. Thus, a *proper motion to remand* for resentencing could not have been filed under MCR 7.211(C)(1) because neither of these two grounds enumerated in the court rule applied to this circumstance.[32] We find that it would have been impossible for defendant to have filed *a proper motion to remand* in the Court of Appeals if we narrowly interpret the phrase *a proper motion* in MCL 769.34(10) to mean only a motion filed under 7.211(C)(1).

We next examine what purpose is served by the requirement of a *proper motion* in order to determine if an adequate mechanism exists in our court rules to satisfy this statutory mandate. The purpose of a motion is to request a court to rule on an issue on a timely basis when the issue is ripe for adjudication. Given that defendant made his request as part of his brief on appeal, his request served this purpose. It was presented on a timely basis and provided the Court of Appeals with all necessary information to make a decision. The only possible defect in this process is that his request was not made in a

---

[32] This case presents unique circumstances. Defendant is seeking a remand because his sentence for armed robbery is now based on inaccurate information. However, this sentence was not based on inaccurate information until the Court of Appeals determined that the felonious-assault convictions were erroneous. The issue of a remand for resentencing was not ripe for adjudication until the Court of Appeals rendered its decision.

separate pleading. However, we cannot assume that the Legislature necessarily intended that a proper motion to remand be done in a separate filing.

"Motion" is defined as a "written or oral application requesting a court to make a specified ruling or order."[33] "Application" is defined as a "request or petition."[34] Under this broad definition of a motion, a separate pleading was not required because defendant made a written request for the court "to make a specified ruling or order." Nothing further was required given these circumstances. Requiring a defendant to file a separate pleading would necessitate a party to request review of an issue that is not ripe for review. We conclude that when the request to remand will not be ripe for review until after the Court of Appeals has adjudicated the merits, the mandate of a *proper motion* in MCL 769.34(10) is met when a defendant makes a request to remand for resentencing with supporting grounds within his appellate brief.

The Michigan Court Rules allow for this broad construction. MCR 1.105 permits construction of the court rules "to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties." A just, speedy, and economical determination is served by not requiring that futile motions be filed, which only present issues to the court that are not yet ripe for review. Further, our construction of the statute avoids the consequences of error that would result from imposing a dubious technical requirement that serves no

---

[33] Black's Law Dictionary (8th ed).

[34] *Id.*

16

purpose other than elevating form over substance. Given that the prosecution had notice and the ability to present its counter arguments, no substantial right of the prosecution was impaired by imposing a broader construction of the statute.

Moreover, "[i]t is difficult to imagine something more 'inconsistent with substantial justice' than requiring a defendant to serve a sentence that is based upon inaccurate information."[35] For these reasons, we decline to read MCL 769.34(10) as requiring that a defendant do the impossible in order to receive the relief that substantial justice requires.[36] Clearly the circumstances before us mandate such a conclusion, and we accordingly hold that defendant filed a proper motion to remand in the Court of Appeals, as required by MCL 769.34(10).

Finally, we decline to address defendant's constitutional arguments, as we find it unnecessary to do so under these circumstances. This Court has long held that courts should not grapple with finding a constitutional question when the case can be decided on other grounds. *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993); see also *Ashwander v Tennessee Valley Auth*, 297 US 288, 341, 345-356; 56 S Ct 466; 80 L Ed 688 (1936) (Brandeis, J., concurring); *United States v*

---

[35] *Francisco*, 474 Mich at 89 n 6. Further, MCR 7.216(A)(7) allows the Court of Appeals to grant further or different relief as the case may require at any time on the terms it deems just. Thus, the Court of Appeals has the *discretion* to remand for resentencing when it vacates a conviction as justice demands.

[36] See MCR 2.613(A) (stating that an error does not justify disturbing a judgment "unless refusal to take this action appears to the court inconsistent with substantial justice"); *Francisco*, 474 Mich at 89 n 6.

17

*Lovett*, 328 US 303, 320; 66 S Ct 1073; 90 L Ed 1252 (1946) (Frankfurter, J., concurring). Since the case before us can be decided on other grounds, we will not opine on the constitutional arguments presented.

## IV. CONCLUSION

We heard oral argument on whether to grant defendant's application for leave to appeal. At issue is whether defendant is entitled to resentencing for an armed-robbery conviction when the Court of Appeals vacated his concurrent convictions for felonious assault that were used as a factor in calculating his sentence for armed robbery. Court of Appeals remands for resentencing are governed by MCL 769.34(10), which requires that cases be remanded when the sentence is based on inaccurate information. We therefore conclude that defendant is entitled to resentencing because his sentence is now based on inaccurate information. We further conclude that because defendant requested a remand for resentencing as part of his appeal to vacate the felonious-assault convictions, he complied with the requirement of MCL 769.34(10) that a request to remand be made in a proper motion filed in the Court of Appeals.

Accordingly, the Court of Appeals erred by failing to remand for resentencing, and in lieu of granting leave to appeal, we reverse that portion of the judgment of the Court of Appeals in which it concluded that it could not remand for resentencing. We therefore vacate defendant's sentence and remand defendant's case for resentencing.

KELLY, C.J., and CAVANAGH and MARKMAN, JJ., concurred with HATHAWAY, J.

18

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v                                  No. 138988

LEONARD LEPPEL JACKSON,

        Defendant-Appellant.

_____

CORRIGAN, J. (*concurring*).

I concur in the majority's result, but would decide this case on different grounds. I would hold that defendant is entitled to resentencing because the Court of Appeals vacated for legal insufficiency his felonious assault convictions, which were used as a factor in calculating his sentence. I do not believe that MCL 769.34(10) governs defendant's entitlement to relief in this case when his request for resentencing is based on the Court of Appeals' ruling, rather than any error in scoring the sentencing guidelines or inaccurate information relied on by the circuit court in determining his sentence.

MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a

proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

As the majority properly notes, the circuit court in this case assessed 20 points under prior record variable 7 (PRV 7)[1] for the two felonious assault convictions that the Court of Appeals later vacated.[2] The resulting minimum sentence range under the sentencing guidelines was 108 to 270 months. Noting specifically that it was imposing a sentence at the lower end of the guidelines range, the circuit court sentenced defendant to a prison term of 108 to 240 months for the armed robbery conviction. Without the two subsequently vacated felonious assault convictions, PRV 7 would have been scored at zero points, rather than 20 points. Defendant also challenged the scoring of offense variable (OV) 1 (aggravated use of a weapon)[3] and OV 2 (lethal potential of the weapon possessed or used)[4] in the Court of Appeals. The Court of Appeals held that OV 1 should have been scored at 5 points instead of 15 points and that OV 2 should have been scored at zero points instead of 5 points.[5] These corrections result in a corrected guidelines range of 51 to 127 months when adjusted for defendant's third-offense habitual offender

---

[1] MCL 777.57(1)(a) provides that 20 points should be assessed if "[t]he offender has 2 or more subsequent or concurrent convictions[.]"

[2] The prosecution did not appeal the Court of Appeals' decision to vacate the two felonious assault convictions.

[3] MCL 777.31(1).

[4] MCL 777.32(1).

[5] The prosecution did not appeal the Court of Appeals' decision concerning OV 1 and OV 2, nor did defendant address it in this Court.

enhancement.[6] Defendant's minimum sentence of 108 months is within the corrected guidelines range of 51 to 127 months.

The majority concludes that MCL 769.34(10), as interpreted in *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006),[7] requires a remand for resentencing because defendant's sentence "is now based on inaccurate information."

While I agree that defendant is entitled to resentencing, I respectfully disagree with the majority that MCL 769.34(10) governs under the circumstances of this appeal. Because defendant's minimum sentence of 108 months is within the corrected guidelines range of 51 to 127 months, MCL 769.34(10), if applied here, would dictate that the Court of Appeals "shall affirm" defendant's sentence and "shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." For purposes of this appeal, there is no claim of an "error in scoring the sentencing guidelines."[8] Thus, the relevant inquiry under

---

[6] The Court of Appeals incorrectly stated that the corrected guidelines range is 51 to 127½ months.

[7] The majority in *Francisco* concluded that the defendant was entitled to resentencing under MCL 769.34(10) because although the defendant's minimum sentence was within the appropriate guidelines sentencing range, a scoring error altered the appropriate guidelines range and the defendant had preserved the issue at sentencing.

*Francisco* involved a claim of error in scoring the defendant's guidelines sentencing range, a sentencing challenge that clearly falls under MCL 769.34(10). For the reasons explained in this opinion, I would hold that MCL 769.34(10) does not apply here, where the Court of Appeals has vacated convictions used as a factor in defendant's sentencing. Accordingly, I do not believe that *Francisco* governs this case.

[8] As noted, the scoring of OV 1 and OV 2 was at issue in the Court of Appeals but has not been raised here.

3

MCL 769.34(10) is whether the circuit court "relied upon" "inaccurate information . . . in determining the defendant's sentence."

When interpreting statutes, "our primary task . . . is to discern and give effect to the intent of the Legislature." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). In interpreting a statute, "we consider both the plain meaning of the critical word or phrase as well as 'its placement and purpose in the statutory scheme.'" *Id*. at 237, quoting *Bailey v United States*, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995). "As far as possible, effect should be given to every phrase, clause, and word in the statute." *Sun Valley*, 460 Mich at 237. "The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended." *Id*.

I disagree with the majority's interpretation of "inaccurate information relied upon in determining the defendant's sentence" as encompassing the circumstances of this case. In my view, a plain reading of this language suggests that it refers to *factual* information,[9] and this is consistent with our past understanding of the term.[10] When the circuit court

---

[9] *Random House Webster's College Dictionary* (2005) defines "information," in relevant part, as follows: "1. knowledge communicated or received concerning a particular fact or circumstance. 2. knowledge gained through study, communication, research, etc.; data. 3. the act or fact of informing." "Inaccurate" is defined as "not accurate; incorrect, or untrue." *Id*.

[10] See *People v Miles*, 454 Mich 90, 96-97; 559 NW2d 299 (1997):

A line of Michigan cases hold that sentences based on inaccurate information are invalid. *People v Lauzon*, 84 Mich App 201; 269 NW2d 524 (1978) (the trial court erred when it sentenced the defendant under the

4

determined defendant's sentence, the relevant information—the fact of defendant's two felonious assault convictions—was accurate. The *information* concerning the two convictions is a different question than the *legal validity* of those convictions. Because there was no inaccuracy in the information the circuit court relied on in determining defendant's sentence, MCL 769.34(10) applied here dictated that that the Court of Appeals "shall affirm" defendant's sentence and "shall not remand for resentencing."

I would hold, however, that MCL 769.34(10) does not apply here, where defendant seeks resentencing on the basis of the constitutional error in the felonious assault convictions used as a factor in his sentencing.[11] The placement of MCL 769.34(10) in the statutory scheme suggests that it addresses specific types of nonconstitutional sentencing errors, not a constitutional error in an underlying conviction.

mistaken belief that he had committed a burglary while out on bond); *People v Corlin*, 95 Mich App 740; 291 NW2d 188 (1980) (the presentence report erroneously stated that the defendant had pleaded guilty of possession, which carried a maximum penalty of two years, rather than delivery, which carried a maximum penalty of seven years); *People v Hale (After Remand)*, 106 Mich App 306; 308 NW2d 174 (1981) (error was found because the defendant's cooperation with the police was not made known to the court at the time of sentencing); *People v Hildabridle*, 45 Mich App 93; 206 NW2d 216 (1973) (it was error for the court to sentence the defendant on the basis of inaccurate information regarding the value of the stolen property).

[11] "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Legal insufficiency is a failure by the prosecution to prove each element of the charged crime beyond a reasonable doubt. See also *People v Johnson*, 460 Mich 720, 722; 597 NW2d 73 (1999) ("'The sufficient evidence requirement is a part of every criminal defendant's due process rights.'") (citation omitted).

The provisions of MCL 769.34 address the application of the sentencing guidelines, when a court may depart from the appropriate sentencing guidelines range, when intermediate sanctions are to be imposed, and the like. Reading in context, I see no indication that the Legislature intended MCL 769.34(10) to preclude resentencing when a court has vacated for insufficiency of evidence convictions used as a factor in sentencing. I would hold that defendant is entitled to resentencing on the basis of the reversal of his felonious assault convictions and that MCL 769.34(10) does not apply. See *People v Conley*, 270 Mich App 301; 715 NW2d 377 (2006).[12]

---

[12] In *Conley*, the circuit court improperly considered the defendant's refusal to admit his guilt when imposing the defendant's sentence. The Court of Appeals observed that

> [r]ead literally in isolation, [MCL 769.34(10)] might seem to preclude this Court from granting relief on the basis of the trial court's error in considering Conley's refusal to admit guilt because it is undisputed that Conley was sentenced within the sentencing guidelines range and this error does not involve the scoring of the guidelines or the consideration of inaccurate information.
>
> But the erroneous consideration of Conley's refusal to admit guilt was a constitutional error because it violated his constitutional right against self-incrimination. It is axiomatic that a statutory provision, such as MCL 769.34(10), cannot authorize action in violation of the federal or state constitutions. Accordingly, we conclude that MCL 769.34(10) cannot constitutionally be applied to preclude relief for sentencing errors of constitutional magnitude. We do not hold MCL 769.34(10) to be unconstitutional. Rather, we construe MCL 769.34(10) as simply being inapplicable to claims of constitutional error. [*Conley*, 270 Mich App at 316.]

See also *United States v Tucker*, 404 US 443, 447-449; 92 S Ct 589; 30 L Ed 2d 592 (1972) (holding that when the sentencing court specifically considered convictions later deemed unconstitutional under *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed

For these reasons, I concur in the result reached by the majority but would hold that defendant is entitled to a remand for resentencing because convictions used as a factor in his sentencing were later vacated for insufficiency of evidence. I respectfully disagree with the majority because I do not believe that MCL 769.34(10) governs defendant's entitlement to resentencing. It is the Court of Appeals' subsequent determination that there was insufficient evidence to support defendant's felonious assault convictions,[13] rather than any error in scoring the guidelines or inaccurate information relied on by the trial court, that entitles defendant to resentencing.

YOUNG, J., concurred with CORRIGAN, J.

DAVIS, J., did not participate in the decision of this case in order to avoid unnecessary delay to the parties in a case considered by the Court before he assumed office by following the practice of previous justices in transition and participating only in those cases for which his vote would be result-determinative. His nonparticipation in this decision does not affect his eligibility to participate in deciding a motion for rehearing.

---

2d 799 [1963], in imposing the defendant's sentence, remand for resentencing was necessary in order to prevent "[e]rosion of the *Gideon* principle").

[13] As the prosecution never filed an appeal, the propriety of the Court of Appeals' ruling regarding the vacation of defendant's felonious assault convictions is not before the Court.

7