*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BETTY MAE CLARK,

        Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 342252
Wayne Circuit Court
LC No. 17-004527-01-FC

Before: MURRAY, C.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted in a bench trial of assault with a dangerous weapon (felonious assault), MCL 750.82, and larceny in a building, MCL 750.360.[1] She was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 5 to 15 years' imprisonment for the felonious assault conviction, and 5 to 15 years' imprisonment for the larceny in a building conviction. Defendant appeals as of right. We affirm.

On March 11, 2017, defendant arrived at 91-year-old Marvin Kendrick's home to repay him for lending her $10. When she entered Kendrick's house, she threw something wet into Kendrick's face, causing him to fall to the floor. Defendant repeatedly kicked Kendrick and cut him with an icepick-like weapon, then tied him up to a chair. After she tied Kendrick up, defendant took Kendrick's cell phone and $27. When defendant left Kendrick's house, Kendrick remained tied up.

Defendant argues that the trial court violated her due-process rights at sentencing by inaccurately scoring offense variables (OVs) 3 and 8 of the sentencing guidelines. Specifically, she asserts that the evidence introduced at trial fails to demonstrate that Kendrick was subject to

---

[1] Defendant was also charged with assault with intent to murder, MCL 750.83, and armed robbery, MCL 750.529, but the court found her not guilty of both charges.

any life-threatening or incapacitating injury, or that he was held captive beyond the time necessary to commit felonious assault or larceny in a building.

To preserve a scoring-error argument, a defendant must raise the issue at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals. *People v Jackson*, 487 Mich 783, 795-796; 790 NW2d 340 (2010). Defendant now asserts that the trial court sentenced her on the basis of inaccurate information in violation of her due-process rights, but failed to object to her sentence on constitutional grounds during sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals. Thus, defendant failed to preserve for appeal any constitutional challenge. However, defendant did argue at the sentencing hearing that the trial court should follow the recommendation made in the Presentence Investigation Report (PSIR) with regard to OVs 3 and 8, rather than assess 25 and 15 points respectively. Accordingly, defendant preserved for appeal her challenge to the OV scores.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438. Unpreserved constitutional arguments are reviewed for plain error affecting substantial rights. *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012). Plain error affects substantial rights when the error alters the outcome of the lower court proceedings. *Id* at 79, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763 (quotation marks and citation omitted; alteration in original).

We hold that the trial court did not err in scoring the OVs because a preponderance of the evidence supports the trial court's assessment of 25 points for OV 3 and 15 points for OV 8. Thus, the trial court did not violate defendant's due-process rights and she is not entitled to resentencing.

A preponderance of the evidence supports the trial court's assessment of 25 points for OV 3, which is scored according to the "physical injury to a victim." MCL 777.33(1). A court may assess 25 points for OV 3 when "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). The inquiry is whether the victim's injury was life threatening, rather than whether a defendant's action was life threatening. *People v Rosa*, 322 Mich App 726, 746; 913 NW2d 392 (2018). If injury results in a victim "nearly bleeding to death," the victim has sustained a life threatening injury and an assessment of 25 points for OV 3 is proper. *Id*. Here, Kendrick lost such a significant amount of blood that he received two separate blood transfusions in the hospital to keep him alive.

In *People v McCuller*, 479 Mich 672, 697; 739 NW2d 563 (2007), the Supreme Court affirmed an assessment of 25 points for OV 3 because the victim became unconscious and

required a ten-day hospital stay where he underwent several necessary procedures to remedy the injury sustained by his assailant. Here, evidence demonstrates that Kendrick sustained a life threatening or permanent incapacitating injury similar to the injury the victim suffered in *McCuller*. During his nine-day stay at Detroit Receiving Hospital, Kendrick was treated for several facial and liver lacerations and two to three stab wounds to his diaphragm, middle chest, upper chest, and right arm. Additionally, Kendrick received two separate blood transfusions and went into cardiac arrest where he lost his pulse for at least two minutes.

A preponderance of the evidence also supports the trial court's assessment of 15 points for OV 8, which is scored according to "victim asportation or captivity." MCL 777.38(1). A court may assess 15 points for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). The trial court held that while there was no asportation, defendant held Kendrick captive beyond the time necessary to commit felonious assault and larceny in a building by binding Kendrick after she had already repeatedly kicked and cut him. But the evidence demonstrates both asportation and captivity beyond the time necessary to commit felonious assault and larceny in a building.

Although the language of MCL 777.38 does not define "asportation," the Supreme Court has held that "[i]f a victim is carried away or removed 'to another place of greater danger or to a situation of greater danger,' the statutory language is satisfied" to assess 15 points for OV 8. *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017) (citation omitted). It follows that defendant asported Kendrick when she moved him from the kitchen floor to the chair. On the floor, Kendrick had the opportunity to freely move his limbs to seek help. When defendant tied him up to the chair, Kendrick was physically restrained from movement, being placed in a "situation of greater danger" and meeting the *Barrera* Court's definition of "asportation." If Kendrick had been left on the floor, alerting medical assistance would have been easier and faster.

Further, defendant held Kendrick longer than necessary to commit the crimes of felonious assault and larceny in a building. To complete a felonious assault crime, there must be "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999); see also MCL 750.82. The elements of larceny in a building are "(1) a trespassory taking (2) within the confines of a building and (3) the carrying away (4) of the personal property (5) of another (6) with intent to steal that property." *People v Thorne*, 322 Mich App 340, 344; 912 NW2d 560 (2017); see also MCL 750.360. Defendant repeatedly kicked and cut Kendrick, tied him up to a chair, took his cell phone and $27, and then left his house. Thus, Kendrick was held captive longer than necessary to commit felonious assault and larceny in a building because defendant physically restrained his movements after kicking and cutting him, and failed to release him from his physical restraints before leaving his home.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Michael J. Riordan