*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 18, 2022

v

No. 357766
Berrien Circuit Court
LC No. 1997-403846-FC

MARK ANTHONY ABBATOY,

Defendant-Appellant.

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

In October 1997, a jury convicted then-17-year-old defendant, Mark Anthony Abbatoy, of first-degree felony murder, MCL 750.316(1)(b), for the beating death of the victim, Connie DePalma. Defendant carried out this beating with his codefendant, Anthony DePalma, who was the victim's son. Defendant was initially sentenced to life imprisonment without the possibility of parole (LWOP), but that sentence was reconsidered as a result of MCL 769.25 and MCL 769.25a, and the United States Supreme Court's decisions in *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US 190, 208-209, 136 S Ct 718; 193 L Ed 2d 599 (2016). Upon reconsideration, the trial court declined to reimpose a sentence of LWOP and, following a hearing, resentenced defendant to 40 to 60 years' imprisonment. Defendant now appeals that sentence as of right.

After defendant appealed, our Supreme Court released *People v Boykin*, ___ Mich ___; ___ NW2d ___ (2022) (Docket Nos. 157738; 158695). There, our Supreme Court held that, when sentencing juvenile defendants to a term-of-years sentence under MCL 769.25 or MCL 769.25a, trial courts must consider a juvenile defendant's youth, and must treat that youth as a mitigating factor. *Id*. at ___; slip op at 1. The Court added, however, that a trial court need not "articulate on the record how a defendant's youth affected the decision." *Id*.

Having reviewed the trial court's opinion, it is not apparent that the trial court considered defendant's youth at the time of the offense when resentencing defendant, and even if the court did, it is not apparent that the court treated defendant's youth as a mitigating factor. Accordingly, although the trial court was not required to articulate on the record how defendant's youth affected

its decision, we nevertheless vacate defendant's sentence and remand for resentencing in light of *Boykin*.

On appeal, defendant raises other issues that we will address because they are likely to reoccur on remand. First, we address defendant's argument that the evidence did not support the trial court's conclusion that defendant inflicted the fatal blows to the victim. Second, we address defendant's argument that he could not be sentenced to a longer sentence than his similarly situated codefendant, DePalma. Defendant raises a third argument—that the trial court failed to consider relevant sentencing factors when it resentenced defendant—but we decline to address this argument in light of our holding that defendant must be resentenced.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of the beating death of the victim on May 7, 1997, in Bridgman, Michigan. According to trial testimony, on that afternoon, defendant was with DePalma. They were both 17 years old. Earlier in the day, defendant told DePalma that he planned to run away to California, and DePalma suggested that they steal his mother's car and drive there. DePalma went into his house and stole the victim's car keys, then went to a nearby restaurant with defendant to discuss their plan. Assuming that the victim would immediately call the police when defendant and DePalma took her car, the two planned to knock her out with a shovel so they could be farther away before the authorities were notified of the theft. With this as the plan, defendant and DePalma returned to DePalma's house and found the victim in the garage. Defendant hit the victim in the head with a shovel three times, and she fell down to the ground. Believing the victim was knocked out, defendant left the garage, but then heard a noise and realized that the victim had gotten up and went into the house. Defendant chased after the victim, kicked down the door to the house, and followed the victim upstairs, where he saw her on the phone. Afraid she was calling 911, defendant ripped the phone off the wall, then repeatedly hit the victim on the head with the shovel until she fell to the floor. Defendant maintained at both his trial and the *Miller* hearing that the victim was still breathing when he left her. At defendant's trial, he testified that he laid the shovel next to the fallen victim and went downstairs, and told DePalma that if he wanted his mother dead, he would have to do it himself. According to defendant, after that, DePalma went upstairs, and returned a short time later with the shovel. The forensic pathologist at defendant's trial testified that the victim's cause of death was cranial cerebral trauma (severe head injuries). The victim suffered 10 lacerations on the back and top of her head, and three of those wounds penetrated her skull.

Defendant and DePalma were tried at the same trial with separate juries. They were both convicted of first-degree felony murder and sentenced to LWOP.

In 2016, following the release of *Miller* and *Montgomery*, the prosecution moved to resentence defendant to LWOP under the procedures outlined in MCL 769.25 and MCL 769.25a. After holding a two-day *Miller* hearing, the trial court denied that motion and scheduled a

-2-

resentencing hearing. At that hearing, the trial court resentenced defendant to 40 to 60 years' imprisonment.[1] This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews sentencing decisions for an abuse of discretion." *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018). A trial court's sentencing decision is an abuse of discretion if it violates the principle of proportionality, which requires the sentence imposed "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Skinner*, 502 Mich at 131-132 (quotation marks and citation omitted). Factual findings are reviewed for clear error, and questions of law are reviewed de novo. *Id*. at 137 n 27.

## III. *BOYKIN*

In *People v Bennett*, 335 Mich App 409, 413-414; 966 NW2d 768 (2021), this Court explained the process for resentencing a defendant who was sentenced to life imprisonment without the possibility of parole as a juvenile:

> Anticipating that the United States Supreme Court would give *Miller* retroactive effect, Michigan's Legislature designed a system for resentencing all prisoners serving life without parole who were under the age of 18 when they committed the offense. In those cases, the resentencing court must select either life without parole or a term-of-years sentence. Prosecutors seeking imposition of a life-without-parole sentence are obligated to file a motion specifying the grounds for imposing that punishment. The resentencing court then must hold a hearing to consider the juvenile sentencing factors set forth in *Miller* and other relevant information, including the defendant's record while incarcerated. The court is additionally obligated to specify on the record the aggravating and mitigating circumstances considered by the court and the court's reasons supporting the sentence imposed. If the court elects a term-of-years sentence rather than life without parole, the court shall sentence the individual to a term of imprisonment for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years. [Quotation marks and citations omitted. See also MCL 769.25a; MCL 769.25.]

If the court elects to impose a term-of-years sentence, "[t]here are no sentencing guidelines to guide a trial court's exercise of discretion within" the minimum-term range of 25 years to 40 years. *People v Wines*, 323 Mich App 343, 350; 916 NW2d 855 (2018), rev'd in part on other grounds 506 Mich 954 (2020). In place of sentencing guidelines, resentencing courts should be guided by the sentencing objectives provided in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972). *Wines*, 323 Mich App at 352. In *Snow*, 386 Mich at 592, the Michigan Supreme Court directed a sentencing court to consider the following objectives: (1) the reformation of the

---

[1] DePalma was resentenced by a different trial court judge to 27 to 60 years' imprisonment. He was released in September 2020.

offender; (2) protection of society; (3) the disciplining of the wrongdoer; and (4) the deterrence of others from committing like offenses.

This was the state of our caselaw when the trial court resentenced defendant. Following defendant's resentencing, however, our Supreme Court released *Boykin*, ___ Mich at ___; slip op at 13, in which it held "that in all sentencing hearings conducted under MCL 769.25 or MCL 769.25a, trial courts are to consider the defendant's youth and must treat it as a mitigating factor." In other words, when the trial court was deciding the minimum-term range of defendant's term-of-years sentence under MCL 769.25 or MCL 769.25a, it was not only required to consider the *Snow* objectives, but also defendant's youth at the time of the offense, and that was to be treated as a mitigating factor.

Having reviewed the transcript from the resentencing hearing, it is not apparent that the trial court considered defendant's youth and its attendant circumstances. See *Boykin*, ___ Mich at ___; slip op at 11 ("[W]e hold that consideration of youth and its attendant circumstances is also required by this state's sentencing jurisprudence."). The trial court focused almost exclusively on the horrific nature of defendant's crime, and nothing about that discussion suggested that the trial court was considering defendant's youth and its attendant circumstances.

While the trial court referenced defendant's age at one point in its ruling, that reference was fleeting. The court stated:

> If you—if your mother had had you 22 weeks before she did we would [not] be here today. You would have been 18 years of age and you wouldn't have had the right to a *Miller* hearing. But we are where we are. And I understand the Supreme Court had to set a dark line and that benefits some people and it doesn't benefit others.[2]

From this, it appears that the court was merely observing defendant's age, not taking defendant's youth and its attendant circumstances into consideration for purposes of sentencing defendant. Even if this conclusion is wrong, the trial court's statement certainly does not suggest that it was considering defendant's youth as a *mitigating* factor, as *Boykin* requires. See *Boykin*, ___ Mich at ___; slip op at 1. The court was, at best, making a neutral observation about the fact that defendant's age allowed him the benefit of a *Miller* hearing.

Accordingly, on the basis of our conclusions that (1) the trial court did not consider defendant's youth when sentencing defendant to a term of years under MCL 769.25 or MCL 769.25a, and (2) to any extent that the court did consider defendant's youth, it did not treat

---

[2] Perhaps highlighting the moving target that lower courts face when trying to resentence juvenile defendants under MCL 769.25 or MCL 769.25a, we note that the sentiment expressed by the trial court in this statement appears to no longer be accurate in light of our Supreme Court's recent holding in *People v Parks*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 162086); slip op at 35-36 (holding that it is unconstitutional to impose a mandatory sentence of LWOP on an 18-year-old defendant, and that such a defendant is entitled to the "full protections of MCL 769.25 and our caselaw").

defendant's youth as a mitigating factor, we vacate the trial court's sentence and remand for resentencing in light of *Boykin*.

## IV. ACCURATE INFORMATION

Despite our holding remanding the case, we address defendant's arguments raised on appeal that are likely to arise again during his resentencing. First, defendant asserts that the trial court erred by sentencing defendant on the basis of inaccurate information because the record does not support the court's conclusion that defendant inflicted the injuries that resulted in the victim's death. We disagree.

A defendant is entitled to be sentenced "on the basis of accurate information." *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). If a defendant's sentence is supported by inaccurate information, resentencing is required. *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010).

Defendant asserts that the trial court's statement that defendant "inflicted the majority of the blows and caused the death of this victim" was inaccurate. Although the police officer who testified on behalf of the prosecution at defendant's *Miller* hearing testified that he could not determine who issued the blow that resulted in the victim's death, there is evidence in the record supporting the trial court's conclusion that defendant inflicted a majority of the blows that resulted in the victim's death.

The evidence presented both at trial and during these proceedings portrayed a horrific attack and killing.[3] Defendant admitted that he hit the victim in the head with the shovel three times in the garage, then followed her into the house, ripped the phone off the wall while the victim tried to call for help, and hit her in the head with the shovel until she fell to the floor. Defendant specified that he hit her with the shovel her until she passed out. The forensic pathologist who testified at defendant's trial described the gruesome wounds that the victim suffered, and explained that the victim would have fallen down and been unable to get up and walk after several of the blows that penetrated her skull. He explained that it was possible that she was still breathing and exhibited other vital signs for approximately 10 minutes after the injuries, even though she would have been beyond saving at that point. Therefore, it is possible that the victim was still breathing when defendant stopped hitting her, as defendant testified, but she would later have died as a result of defendant's attack regardless.

---

[3] On appeal, defendant argues that the trial court did not consider the testimony from defendant's trial when resentencing defendant. This argument is premised on the fact that the trial court did not state that it had reviewed the record from defendant's trial when resentencing defendant. The trial court had obviously reviewed the record from defendant's trial, however, because the court clearly stated at the *Miller* hearing that it had reviewed the trial transcripts in preparation for that hearing, and the trial transcripts were admitted as exhibits at the *Miller* hearing, along with the police reports, autopsy report, and laboratory report. Regardless, at defendant's resentencing on remand, the trial court can alleviate defendant's concerns by specifying what documents it reviewed in preparation for the resentencing.

Moreover, defendant admitted that he never saw DePalma hit the victim with the shovel, and blood was only found on defendant. The police recovered the shirts worn by defendant when he attacked the victim, and they were covered in blood. On the other hand, when DePalma was apprehended, he was wearing the same clothes as he was wearing the day before (according to defendant's description), and he did not have any blood on him. Likewise, police found blood in the car only in the passenger seat, where defendant was sitting.

In light of this evidence, it was reasonable for the trial court to find that defendant inflicted the majority of the blows that resulted in the victim's death. For clarity, however, we note that, on remand, the trial court is not bound by its finding that defendant "inflicted the majority of the blows and caused the death of this victim," and is free to make contrary findings if it so chooses.

## V. SIMILARLY SITUATED DEFENDANTS

Defendant also contends that the trial court abused its discretion by imposing a sentence with a minimum term that was 13 years longer than the sentence imposed on DePalma because they are similarly situated codefendants. We disagree.

Simply put, based on the trial court's findings, defendant is not similarly situated to DePalma. The sentencing court in DePalma's case determined that DePalma did not inflict the injuries that led to the victim's death. The trial court here found that defendant "inflicted the majority of the blows and caused the death of this victim"—a reasonable conclusion based on the evidence submitted for the reasons explained above. If these differing conclusions persist on remand, it is not necessarily unreasonable for defendant's sentence to be different than DePalma's. Accordingly, defendant's argument that he must necessarily be resentenced to the same sentence as DePalma is without merit.

Defendant's sentence is vacated, and we remand for resentencing. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Colleen A. O'Brien