# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

RONALD WILLIAMS,

      Defendant-Appellee.

UNPUBLISHED
October 23, 2018

No. 339701
Wayne Circuit Court
LC No. 87-004693-01-FH

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's order granting defendant's motion for relief from judgment. We reverse.

## I. FACTUAL BACKGROUND

In 1987, following a jury trial, defendant was convicted of first-degree murder, MCL 750.316, second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant, who was a juvenile at the time he committed the crimes, was sentenced to mandatory life imprisonment without the possibility of parole for his first-degree murder conviction, life with the possibility of parole for his second-degree murder conviction, and a consecutive two years' imprisonment for his felony-firearm conviction.

Following the United State Supreme Court's invalidation of mandatory life sentences without parole for juvenile offenders in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), the prosecution filed a notice of intent to seek a term-of-years sentence for defendant's first-degree murder conviction. On December 2, 2016, the trial court resentenced defendant to 25 to 60 years' imprisonment for the first-degree murder conviction, leaving the other two sentences intact. Defendant later filed a motion for relief from judgment, in which he argued that

---

[1] *People v Williams*, unpublished order of the Court of Appeals, entered September 28, 2017 (Docket No. 339701).

-1-

he was entitled to resentencing on his second-degree murder conviction because his life with the possibility of parole sentence was also invalidated by *Miller* and *Montgomery*. The trial court agreed. The prosecution now appeals that decision.

## II. ENTITLEMENT TO RESENTENCING

The prosecution argues on appeal that the trial court lacked the authority to grant the substantive relief requested—resentencing—in defendant's motion for relief from judgment.[2] We agree. "We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). Matters of constitutional and statutory interpretation are reviewed de novo. *People v Hall*, 499 Mich 446, 452; 884 NW2d 561 (2016).

MCR 6.508 governs the circumstances under which a trial court may grant a motion for relief from judgment:

> (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

> \* \* \*

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and

> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

> \* \* \*

> (iv) in the case of a challenge to the sentence, the sentence is invalid. [MCR 6.508(D)(3).]

---

[2] The prosecution also argues that the trial court erred by ignoring the mandates of MCR 6.504(B)(4). That rule states that if a trial court decides to not summarily dismiss a motion for relief from judgment, it "shall order the prosecuting attorney to file a response" before proceeding. MCR 6.504(B)(4). Here, the trial court failed to adhere to MCR 6.504(B)(4)'s mandatory directive, and therefore erred. Yet we need not address this error at length because the prosecution's other claim of error is dispositive.

The parties do not contest whether defendant established good cause under MCR 6.508(D)(3)(a), so we need not address that issue. The only issue before us is whether defendant established the second prong of the analysis: actual prejudice in the form of an *invalid* sentence. We conclude that he did not.

Before the trial court, defendant contended that his sentence of life with the possibility of parole was constitutionally invalidated by *Miller* and *Montgomery*. Defendant also argued that when the trial court sentenced defendant on his second-degree murder conviction, it was operating under the assumption that "state laws mandating a juvenile die in prison were constitutional." Defendant speculated that had the trial court been aware that defendant's mandatory life without parole sentence was unconstitutional, it likely would have given him a term-of-years sentence on his second-degree murder conviction. We first address defendant's argument that *Miller* and *Montgomery* invalidated his sentence for second-degree murder and conclude that neither case applies to defendant's sentence of life with the possibility of parole. We then address defendant's argument that he was sentenced based on inaccurate information and misconceptions of law, and we ultimately conclude that the record does not support that assertion.

In *Miller*, the Supreme Court of the United States held "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Miller*, 567 US at 465. The Supreme Court explained:

> Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys. See, e.g., *Graham* [*v Florida*], 560 U.S. [48], at 78, 130 S.Ct. [2011], at 2032 ("[T]he features that distinguish juveniles from adults also put them at a significant disadvantage in criminal proceedings"); *J.D.B. v. North Carolina*, 564 U.S. 261, 269, 131 S.Ct. 2394, 2400–2401, 180 L.Ed.2d 310 (2011) (discussing children's responses to interrogation). And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it. [*Miller*, 509 US at 477-478.]

The Supreme Court went on to clarify that " '[a] state is not required to guarantee eventual freedom,' but must provide 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " *Id*. at 479, quoting *Graham*, 560 US at 75.

After *Miller*, "the Supreme Court recognized that the ruling . . . had resulted in some confusion and disagreement among various state courts about whether *Miller* applied

retroactively." *People v Wiley*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 336898 and 338870); slip op at 2. To resolve this confusion, the Supreme Court in *Montgomery* held that, although "*Miller*'s holding had a procedural component" because it "require[d] a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence," "*Miller* announced a substantive rule of constitutional law" that applied retroactively to juvenile offenders. *Montgomery*, ___ US at ___; 136 S Ct at 734, 736 (quotation marks and citations omitted).

Against this backdrop, it is clear that, at maximum, *Miller* and *Montgomery* guarantee that defendants convicted as juveniles are afforded " 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " *Miller*, 567 US at 479, quoting *Graham*, 560 US at 75. At minimum, the cases apply only to mandatory sentences of life without the possibility of parole.[3] See, e.g., *People v Wines*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336550); slip op at 3, lv pending, ("[T]he constitutional holding in *Miller* applied only in life-without-parole decisions."). Here, under either interpretation, defendant's sentence of life with the possibility of parole satisfied *Miller*'s mandate. Defendant once served a sentence of life without the possibility of parole, but is now eligible for parole on each of his sentences. Stated differently, defendant has been granted a meaningful opportunity to obtain release, see *Miller*, 567 US at 479, on his sentences for first- and second-degree murder. And because defendant has some meaningful opportunity to obtain release on his sentence of life with the possibility of parole, that sentence was not invalid under *Miller*.

Defendant briefly contends on appeal that obtaining parole in Michigan is more difficult for individuals serving life sentences than individuals serving term-of-year sentences, and therefore, defendant's life with the possibility of parole sentence does not actually guarantee him a meaningful opportunity to obtain parole. Defendant's argument, however, is incomplete; while defendant explains that obtaining parole on a life sentence is more involved than obtaining parole on a term-of-years sentence, defendant fails to explain how the latter constitutes a meaningful opportunity to obtain release and the former does not. Defendant is not entitled to eventual freedom, only a meaningful opportunity to obtain it. *Miller*, 567 US at 479.

We now turn to defendant's argument that his life sentence is invalid because it was based upon inaccurate information and a misconception of the law. Defendant premises his

---

[3] We note that other jurisdictions have applied *Miller* to cases where a term-of-year sentence constituted de facto life without parole. See, e.g., *United States v Grant*, 887 F3d 131, 142 (CA 3, 2018); *Kelly v Brown*, 851 F3d 686, 687 (CA 7, 2017) ("*Miller* applies not just to sentences of natural life, but also to sentences so long that, although set out as a term of years, they are in reality a life sentence."). Defendant cites some of these cases to support his contention that *Miller* and *Montgomery* apply to sentences of life with the possibility of parole. But contrary to defendant's argument, none of the cases he cites dealt with a sentence of life with the possibility of parole; all of the cited cases considered lengthy term-of-years sentences that were effectively life sentences without the possibility of parole. Clearly, a sentence of life *with* the possibility of parole is not a de facto life-*without*-the-possibility-of-parole sentence.

argument on the original sentencing court's mistaken belief that defendant's first-degree murder conviction mandated a sentence of life without parole and that defendant would spend the rest of his life in prison. Defendant reasons that, because of this mistaken belief, the trial court necessarily gave less thoughtful consideration to defendant's sentence for second-degree murder. The glaring problem with this argument is that it is purely speculative. Defendant provides no argument grounded in fact to support that his sentence for first-degree murder had any impact on his sentence for second-degree murder. If anything, the original sentencing court's remarks—which the trial court quoted when granting defendant's motion for relief from judgment—suggests otherwise:

> I hope you understand that as it relates to Count One, I have no discretion, none. So, as it relates to Count One, it is the sentence of the Court that you be committed to the custody of the Michigan Corrections Commission with a sentence mandated by the statute, which is a life sentence with no eligibility for parole. And as it relates to Count Two, Murder in the Second Degree, the kindest sentence I can give to you is life. *You will be eligible for parole if you can get that first one off your back.* [Emphasis added.]

Clearly, the original sentencing judge understood that defendant's life sentence for second-degree murder afforded him a meaningful opportunity to obtain release, and thus, defendant's argument that the trial court would have sentenced him to something other than life for second-degree murder but for his mandatory life without parole sentence is speculative[4] and has no support in the record.

In support of its conclusions, the trial court also reasoned that, because defendant's life without parole sentence was invalidated, the trial court was obligated to resentence defendant on all of defendant's remaining convictions.

In Michigan, "trial courts ordinarily lack the authority to set aside a valid sentence." *People v Comer*, 500 Mich 278, 295 n 40; 901 NW2d 553 (2017). The trial court relied on *People v Jackson*, 487 Mich 783, 793-794; 790 NW2d 340 (2010), for the contention that "where there are multiple counts within a single judgment of sentence and one or more counts are reversed (or in this case resentencing to a term of years) a Defendant must be resentenced on the remaining counts." *Jackson* made no such holding, and it in no way suggests that trial courts may alter otherwise valid sentences. The trial court's reliance on the case was therefore misplaced.[5]

---

[4] Defendant even concedes the speculative nature of his argument in his brief on appeal: "it is impossible to determine whether or not [the] sentencing court would have exercised its discretion differently absent the misconception of the law."

[5] In *Jackson*, the defendant was convicted of armed robbery and two counts of felonious assault. *Jackson*, 487 Mich at 787. On appeal to this Court, the defendant's felonious assault convictions were vacated, but the defendant's request for resentencing on the armed robbery conviction was denied. *Id.* at 788-789. The Michigan Supreme Court reversed the sentencing decision because

On appeal, defendant relies upon *United States v Tucker*, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), superseded by statute on other grounds as stated in *United States Irey*, 612 F3d 1160, 1180-1181 (CA 11, 2010), and *People v Moore*, 391 Mich 426; 216 NW2d 770 (1974), in support of the trial court's conclusion that, where a defendant is entitled to resentencing on one conviction, he is entitled to resentencing as to all other related convictions. In *Tucker,* however, it was found that the defendant's sentence for armed robbery was impacted by two previous convictions that were later found to be constitutionally invalid. *Tucker*, 404 US at 443-445, 448. Because the sentence was based upon invalid *convictions*, the sentence was invalid. *Id*. at 448. In *Moore,* again, the sentencing judge considered a prior conviction that was constitutionally invalid when it sentenced the defendant for possession of narcotics, and accordingly, the defendant was entitled to resentencing. *Moore*, 391 Mich at 439-440. Both cases dealt with sentences that contemplated invalid prior *convictions*, thus *invalidating* the sentences. Defendant employs these cases to argue that one invalid *sentence* in a judgment of sentence invalidates all other sentences in that judgment of sentence, but the cases do not support that contention and, therefore, the argument is without merit. Defendant has thus failed to establish that the trial court had authority to set aside his valid sentence for second-degree murder.[6]

For all of the reasons outlined above, defendant's life with parole sentence was a valid sentence, and the trial court lacked the authority to grant resentencing on defendant's motion for relief from judgment. The trial court's ruling to the contrary is reversed.

As an alternative argument, defendant contends that he is entitled to resentencing because, now that his second-degree murder sentence is his controlling sentence, he was sentenced in violation of MCL 771.14(2)(e)(*ii*). Defendant argues that, under that section, his presentence investigation report was required to contain the recommended minimum range of his controlling sentence, which, in light of his resentencing, it did not.

MCL 771.14(2)(e)(*ii*) provides that a presentence investigation report must include

---

the defendant's minimum sentencing guideline range had been determined based upon the inaccurate belief that the defendant was guilty of felonious assault, and the defendant's acquittal on those two charges altered his guideline range for armed robbery. *Id*. at 793. In no way does the case suggest that trial courts may alter otherwise valid sentences, because the case necessarily determined that the defendant's armed robbery sentence was based upon inaccurate information and was thus invalid. *Id*.

[6] Even assuming arguendo that the trial court had the authority at the *Miller* resentencing to resentence defendant on all of his convictions as opposed to only the invalid sentence, the issue is moot because the trial court did not exercise that authority. Neither the trial court nor the parties contemplated altering defendant's life sentence for second-degree murder during resentencing on his first-degree murder conviction. Instead, the issue was raised in a subsequent motion for relief from judgment, wherein the court was inarguably limited by court rule and caselaw to only granting relief in the event of an invalid sentence. MCR 6.508(D)(3)(b)(*iv*); *Comer*, 500 Mich at 295 n 40.

(e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, all of the following:

\* \* \*

(*ii*) Unless otherwise provided in subparagraph (i), for each crime having the highest crime class, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

Although this Court recently recognized in dicta that defendant's argument may have merit, see *Wines*, ___ Mich App at ___; slip op at 7, we need not discuss defendant's argument in any detail. By its terms MCL 771.14(2)(e)(*ii*) applies to "a person to be sentenced under the sentencing guidelines set forth in chapter XVII." Defendant was sentenced in 1987, and Chapter XVII of the Code of Criminal Procedure was not effective until December 15, 1998. 1998 PA 317. When defendant was resentenced for his first-degree murder conviction, it was under MCL 769.25a, which is part of Chapter IX of the Code of Criminal Procedure. Simply put, defendant was never "sentenced under the sentencing guidelines set forth in chapter XVII" of the Code of Criminal Procedure, so MCL 771.14(2)(e)(*ii*), by its plain terms, does not apply.

## III. CONCLUSION

Defendant failed to show actual prejudice by establishing that his life sentence for second-degree murder was invalid. Thus, defendant was not entitled to resentencing under his motion for relief from judgment, and the trial court erred by granting the motion. Defendant is also not entitled to resentencing under MCL 771.14(2)(e)(*ii*) because, by its plain language, that provision does not apply to defendant.

Reversed and remanded for entry of an order denying defendant's motion for relief from judgment. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood