*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHUKUR TEROME BROWN,

Defendant-Appellant.

UNPUBLISHED
August 13, 2019

No. 344537
Genesee Circuit Court
LC No. 13-034170-FC

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted by a jury in 2014 of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. On September 8, 2014, defendant, a 16-year-old juvenile at the time of the crime, was sentenced to serve 22½ to 40 years' imprisonment for the second-degree murder conviction and a consecutive term of two years' imprisonment for the felony-firearm conviction. Following *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), the Michigan Supreme Court remanded the case to the trial court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*. *People v Brown*, 500 Mich 856 (2016). The trial court summarily declined to resentence defendant, and this Court remanded the matter once again because there was no indication that the trial court complied with the requirement in *Lockridge* that it obtain the views of counsel regarding resentencing, and the trial court failed to provide an "appropriate explanation" for its decision. *People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued March 20, 2018 (Docket No. 337540), pp 2-4. On remand, defendant was resentenced to 20 to 40 years' imprisonment for the second-degree murder conviction and a consecutive term of two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

# I. BACKGROUND

In 2018, this Court summarized the facts of the case as follows:

> This case arises from the shooting death of 15-year-old Gianni Herron. Defendant was sixteen years old at the time of the incident. Defendant, his cousin Veondra Bartee, and Herron were in defendant's basement during the early morning hours of January 1, 2013. The three smoked marijuana while "playing" with guns in the basement. The three were "playing, giggling," while holding their guns and pointing them at each other. At some point between 2:00 a.m. and 3:00 a.m., Herron jokingly pointed his gun at Bartee and said, "I could have shot you . . . ." In response, Bartee, also jokingly, raised his gun at Herron and said, "[N]o it won't happen like that." Defendant also raised his shotgun in jest towards Herron and said, "[W]on't happen like that." However, defendant's shotgun discharged, striking Herron in the upper-right chest. Herron died from the gunshot wound. [*Id.* at 1.]

On remand, the trial court heard statements by defendant, counsel, and the victim's family, and reviewed the updated presentencing investigation report (PSIR). Ultimately, the trial court sentenced defendant to serve 20 to 40 years in prison for the second-degree murder conviction. Defendant subsequently filed a motion for resentencing, challenging the scoring of several offense variables (OVs), which the trial court denied. Defendant now renews his challenges to the trial court's scoring of several OVs. Further, he argues that the trial court failed to correctly apply the *Miller*[1] factors and consider defendant's youthfulness at the time of the offense, and that his sentence amounts to "cruel or unusual punishment." For the reasons discussed below, we disagree.

# II. OFFENSE VARIABLES

This Court reviews factual determinations supporting the scoring of offense variables for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Such factual determinations must be supported by a preponderance of the evidence. *Id.* "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted). The application of the facts to the law is a matter of statutory interpretation, which this Court reviews de novo. *Hardy*, 494 Mich at 438.

"The rules of evidence do not apply to a sentencing proceeding[.]" *People v Uphaus*, 278 Mich App 174, 183; 748 NW2d 899 (2008), citing MRE 1101(b)(3). The court may consider circumstances inherent in an offense, absent an express prohibition, *Hardy*, 494 Mich at 442, evidence adduced at the preliminary examination, *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011), and information contained in the presentencing report, admissions, and evidence adduced at trial, *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). In

---

[1] *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012).

scoring the guidelines, the trial court must assess the highest applicable points as provided by the statutes. See *People v Morson*, 471 Mich 248, 258-260; 685 NW2d 203 (2004).

## A. OV 2

OV 2 addresses the lethal potential of a weapon possessed or used during the commission of the offense. MCL 777.32(1); *People v Young*, 276 Mich App 446, 451; 740 NW2d 347 (2007). The trial court assessed 10 points under MCL 777.32(1)(c), which applies when "[t]he offender possessed or used a short-barreled rifle or short-barreled shotgun[.]" " 'Short-barreled shotgun' means a shotgun having 1 or more barrels less than 18 inches in length or a weapon made from a shotgun, whether by alteration, modification, or otherwise, if the weapon as modified has an overall length of less than 26 inches." MCL 750.222(*l*). Defendant argues that only five, rather than 10, points should have been assessed under OV 2,[2] because "there is a lack of the preponderance of the evidence to suggest the firearm was either a short-barreled rifle or a short-barreled shotgun to score Offense Variable 2." Defendant's argument is unavailing.

Throughout the trial there were several instances in which witnesses referred to the weapon used in the shooting as "sawed-off," and the shotgun was admitted in evidence. Additionally, the agent's description of events within the PSIR reveals that the weapon was a "sawed-off shotgun." Defendant's own statement in the PSIR acknowledges that he had purchased the weapon and taken it to his home. Indeed, defense counsel did not argue that defendant's possession of the weapon was in dispute. The trial court was allowed to consider information contained in the presentencing report, admissions, and evidence adduced at trial. *Johnson*, 298 Mich App at 131. Accordingly, the only factual dispute was whether the weapon itself met the definition of a short-barreled shotgun.

Although the trial court noted that there was no trial testimony presented as to the length of the shotgun, the prosecution produced a crime lab report with the measurements. The report indicated that the barrel measured 14.5 inches, and the shotgun had an overall length of 20.75 inches, thereby meeting the definition of a short-barreled shotgun. See MCL 750.222(*l*). While defendant now posits that the report was insufficient to establish possession or use of a short-barreled shotgun by a preponderance of the evidence because the report was not subject to cross-examination, this argument lacks merit. Defense counsel offered no objections to the consideration of this report during the resentencing hearing. Additionally, the trial court noted that the report was authored by the same crime lab employee who had testified at trial. Moreover, defendant fails to provide any meaningful argument or support for why the report should not have been considered. This Court is not required to unravel and elaborate on defendant's arguments and may deem the argument abandoned. *People v Cameron*, 319 Mich App 215, 232; 900 NW2d 658 (2017).

In any event, as previously noted, the rules of evidence do not apply to sentencing hearings. *Uphaus*, 278 Mich App at 183-184. Accordingly, the trial court did not clearly err in

---

[2] Five points are assessed under OV 2 if "[t]he offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabling weapon[.]" MCL 777.32(1)(d).

considering this additional evidence to determine whether the prosecution could establish by a preponderance of the evidence that defendant was in possession of a "short-barreled shotgun." Further, given the evidence presented, the trial court did not err in finding that an assessment of 10 points was appropriate under OV 2.

## B. OV 12

OV 12 addresses contemporaneous felonious criminal acts. MCL 777.42(1). Under OV 12, the court must assess one point when "[o]ne contemporaneous felonious criminal act involving any other crime was committed[.]" MCL 777.42(1)(f). A felonious criminal act is contemporaneous if the act "occurred within 24 hours of the sentencing offense," and it "has not and will not result in a separate conviction." MCL 777.42(2)(a). It must be a separate act from the behavior that established the sentencing offense. *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). The possession of a short-barreled shotgun is a felonious criminal act under MCL 750.224b.

Defendant acknowledges he was originally charged with possession of a short-barreled shotgun and possession of marijuana with the intent to deliver, and both charges were dismissed without prejudice. Defendant argues, however, that those charges should not be considered under OV 12 because he could still be charged with those additional felonies at an unknown time in the future. In contrast, the prosecution notes that because defendant was not convicted of either felony, the trial court should have assessed five points under OV 12,[3] rather than only one point. Nonetheless, the prosecution concedes that defendant's possession of a short-barreled shotgun was sufficient to support the assessment of one point and that the additional four points for the possession of marijuana would not have changed defendant's sentencing guideline range. Accordingly, the crux of the dispute once again revolves around defendant's possession of a short-barreled shotgun.

As discussed above, the trial court did not err in concluding that defendant was in possession of a short-barreled shotgun. Moreover, there is no dispute that defendant was not convicted of this violation of MCL 750.224b. Defendant argues that at any time, these charges could be reissued, or that the Bureau of Alcohol, Tobacco, Firearms, and Explosives could choose to pursue criminal charges. We find defendant's speculative argument unpersuasive. With respect to the possibility of federal charges, 18 USC 3282(a) provides a five-year statute of limitations for noncapital offenses. Defendant's possession of the short-barreled shotgun occurred on January 1, 2013. Thus, by the time of his resentencing hearing on June 4, 2018, a federal charge arising from his possession of the shotgun was time-barred. And although the six-year limitations period for the state charges had yet to expire, see MCL 767.24(10), the prosecutor advised the court that "circumstantial evidence shows we're not going to charge him with those things now." At any rate, reissuance of the charge under MCL 750.224b is undoubtedly time-barred now.

---

[3] The sentencing court should assess five points under OV 12 if "[t]wo contemporaneous felonious criminal acts involving other crimes were committed[.]" MCL 777.42(1)(e).

Further, even if the trial court had erred by assessing one point under OV 12, the reduction of one OV point would not warrant resentencing because defendant's sentencing guidelines range would not change. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").

## C. OV 19

MCL 777.49(c) directs trial courts to assess 10 points under OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice . . . ." "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "Our Supreme Court has determined that the phrase 'interfered with or attempted to interfere with the administration of justice' is broader than the concept of obstruction of justice and that conduct subject to scoring under OV 19 'does not have to necessarily rise to the level of a chargeable offense . . . .' " *People v Passage*, 277 Mich App 175, 179-180; 743 NW2d 746 (2007) (citation omitted). Attempting to deceive police during an investigation and committing perjury in a court proceeding are examples of interference or attempted interference with the administration of justice. *Hershey*, 303 Mich App at 344.

Defendant acknowledges that he initially lied to the police about the circumstances surrounding the shooting, but argues that the trial court should not have assessed 10 points for OV 19 because he admitted his deceit two days later and had lied only because his mother instructed him to do so. While defendant argues that he should not be punished for "listening to his mother," he presents no support for the proposition that an exception should exist when someone interferes with an investigation by choosing to follow another's advice.[4] Given defendant's self-acknowledged deceit during the police investigation, we conclude that the trial court did not err by assessing 10 points for OV 19. See *id.*

## III. DISPROPORTIONATE AND CRUEL OR UNUSUAL PUNISHMENT

This Court reviews whether a trial court properly imposed a sentence that was proportionate to the offender and offense for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A trial court abuses its sentencing discretion when the sentence imposed is disproportionate to the seriousness of the circumstances involving the offense and the offender. *Id.* Defendant also raises an unpreserved argument that the trial

---

[4] We acknowledge that under MCL 750.479c(3), "[a] person who was acting under duress or out of reasonable fear of physical harm to himself or herself" or other specified individuals is not guilty of violating MCL 750.479c (concealing material facts, making false or misleading statements, or providing false or misleading materials during a criminal investigation), but the facts involved in this case do not implicate MCL 750.479c(3). Further, as already noted, conduct that involves interference with administration of justice for purpose of OV 19 need not rise to the level of a chargeable offense. *Passage*, 277 Mich App at 179-180.

court's sentence violated his constitutional rights. When reviewing an unpreserved claim of error in a criminal case, we must determine whether there was a plain error that affected the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The defendant bears the burden to demonstrate that an error occurred, that the error was clear or obvious, and that the error affected his or her substantial rights. *Id.* In order to establish the last element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id.*

When imposing a sentence, a court is required to consult the sentencing guidelines, calculate the recommended sentencing guidelines range, and take that range into account when determining a defendant's sentence. *Lockridge*, 498 Mich at 392. If the trial court selects a sentence that falls within the range recommended under the advisory guidelines, that sentence is presumptively proportionate. See *People v McFarlane*, 325 Mich App 507, 538; 926 NW2d 339 (2018). Moreover, this Court must affirm a sentence that falls within the recommended guidelines range absent an error in scoring or reliance on inaccurate information. *People v Schrauben*, 314 Mich App 181, 196 & n 1; 886 NW2d 173 (2016).

Defendant first argues that his sentence is disproportionate because the trial court sentenced him as an adult while failing to take into account his juvenile status. Therefore, he posits that he is entitled to resentencing and consideration of the *Miller* factors.

In 2012, the United States Supreme Court held that the Eighth Amendment forbids the imposition of mandatory life sentences without parole for juvenile offenders. *Miller*, 567 US at 479. The *Miller* court referenced a child's lack of maturity, underdeveloped sense of responsibility, and vulnerability to negative influences and outside pressure as reasons why juvenile offenders "are less deserving of the most severe punishments." *Id*. at 471 (quotation marks and citation omitted). Further, because children have a diminished culpability and greater chance at rehabilitation, they are constitutionally different from adults for purposes of sentencing. *Id*.

However, "there is no *constitutional* mandate requiring the trial court to specifically make findings as to the *Miller* factors except in the context of a decision whether to impose a sentence of life without parole." *People v Wines*, 323 Mich App 343, 352; 916 NW2d 855 (2018). Additionally, sentences that provide a juvenile defendant with a meaningful opportunity to obtain release are not invalid under *Miller*. See *People v Williams*, 326 Mich App 514, 522; 928 NW2d 319 (2018). Rather, the constitutional deficiency that *Miller* sought to remedy was the imposition of a life-without-the-possibility-of-parole sentence without any consideration of the juvenile defendant's diminished culpability, heightened capacity for change, or other factors that distinguish juvenile offenders from their adult counterparts. See *id*. at 520.

Defendant maintains that a 20-year minimum sentence for his second-degree murder conviction cannot satisfy the principle of proportionality given his age. We disagree. Defendant's sentence was reached by the court after careful consideration of the circumstances surrounding the 2013 murder, as well as defendant's later conduct and prison history. Additionally, the trial court noted defendant's age and acknowledged that it was required to consider the proportionality of the sentence pursuant to *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). This individualized sentencing procedure was consistent with the spirit of

*Miller*. Further, as discussed above, defendant's 20-year minimum sentence for his second-degree murder conviction is within the properly calculated guidelines range. A sentence within the guidelines range is presumptively proportionate. *McFarlane*, 325 Mich App at 538.

Defendant also argues that by sentencing him as an adult, and at the higher end of the sentencing guidelines range, the trial court violated the Michigan Constitution because his sentence qualifies as "cruel or unusual" punishment. We disagree.

The Michigan Constitution provides the right to be free from cruel or unusual punishment. Const 1963, art 1 § 16. "In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011). A proportionate sentence is not cruel or unusual. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Further, "[i]n order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Defendant contends that his sentence is cruel or unusual because the trial court failed to consider his youthfulness. However, he fails to present circumstances that would render his presumptively proportionate sentence disproportionate. *Id*. Given that defendant's actions resulted in the death of a 15-year-old boy, a sentence of 20 to 40 years' imprisonment weighed against the loss of a life is not disproportionate, particularly when the statutory maximum sentence that could have been imposed was life. See MCL 750.317. Additionally, defendant offers no support for his conclusion that Michigan trial courts impose harsher sentences on juveniles than other jurisdictions because there is no statutorily mandated requirement that the youth of the offender has to be taken into account; nor does he cite any evidence that, in relation to other crimes and sentences imposed in other states, his sentence was somehow abnormally severe. Accordingly, defendant has failed to demonstrate that his sentence was cruel or unusual or that there was any error affecting his substantial rights.

Affirmed.

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra