*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER ALLEN PROCTOR,

        Defendant-Appellant.

UNPUBLISHED
June 24, 2021

No. 352279
Wayne Circuit Court
LC No. 19-001788-01-FH

Before: GLEICHER, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

The circuit court conducted a bench trial and convicted defendant of domestic violence, third offense, MCL 750.81(5), a felony. The court sentenced defendant as a domestic violence third offender to two years' probation. On appeal, defendant contends that the court, prosecutor, and his own counsel proceeded under the wrong statutory framework. He asserts that the prosecutor was required to establish his two prior convictions at trial, not sentencing. Absent such evidence, defendant argues, the court could not convict and sentence him to an enhanced felony offense. We discern no error and affirm.

## I. BACKGROUND

Defendant was charged with assault and battery of a domestic partner, MCL 750.81(2), for assaulting his ex-girlfriend in November 2018. The felony complaint included a "third offense notice," stating that defendant had prior domestic violence convictions in 2001 and 2011.[1] The complaint notified defendant that he would be subject to an enhanced sentence as contemplated in MCL 750.81(5). Following the preliminary examination, the district court bound defendant over for trial on the charge of domestic violence, third offense. The prosecutor filed a notice of intent to present evidence of defendant's prior acts of domestic violence, which included defendant's two prior convictions against his ex-wife and two prior uncharged acts of violence against the current victim. The prosecutor again noted that defendant was subject to an enhanced sentence as a third

---

[1] The prosecutor later corrected the complaint to reflect two prior convictions in 2001.

-1-

habitual domestic violence offender. At the circuit court arraignment, the court stated that defendant was charged with domestic violence, third offense, and defendant made no objection. And at the final pretrial conference, defendant personally affirmed that he understood that he was charged with domestic violence, third offense, and could face up to five years in prison if convicted.

At trial, the prosecutor did not attempt to present evidence of defendant's prior convictions, and the court sustained defense counsel's objection to questions about other uncharged acts against the victim. Ultimately, the circuit court convicted defendant as charged.

Defendant's sentencing was twice adjourned. At the second hearing, the court discovered that although the presentence investigation report (PSIR) included defendant's two domestic violence convictions, the report failed to recognize that defendant currently was charged with domestic violence, third offense, which rendered the offense a felony rather than a misdemeanor. The court ordered the correction and defendant personally acknowledged the propriety of that change. Defendant also personally expressed understanding that the offense came with a potential five-year maximum sentence. The court later sentenced defendant to two years' probation.

## II. ANALYSIS

On appeal, defendant contends that the court erroneously relied on MCL 750.81b, which provides that evidence of a defendant's prior offenses for enhanced sentencing purposes need not be presented at trial, only at sentencing. This statute, defendant urges, does not apply to MCL 750.81(5), the domestic violence third offense enhancement provision. Therefore, the prosecutor was required to establish at the bench trial that defendant had been convicted of two prior offenses. As this was not done, defendant insists that his conviction and sentence are insupportable. Alternatively, defendant contends that his counsel was ineffective for failing to present this issue to the trial court.

We generally review de novo a trial court's interpretation of a sentencing statute and determination of a statute's applicability. *People v Jackson*, 487 Mich 783, 789; 790 NW2d 340 (2010). However, defendant raised his challenge for the first time on appeal. We review such unpreserved challenges for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant was convicted of domestic violence as proscribed by MCL 750.81(2), which provides:

> *Except as provided in subsection (3), (4), or (5),* an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, *is guilty of a misdemeanor* punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both. [Emphasis added.]

The exceptions cited provide:

(3) An individual who assaults or assaults and batters an individual who is pregnant and who knows the individual is pregnant is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

(4) An individual who commits an assault or an assault and battery in violation of subsection (2) or (3), and who has previously been convicted of assaulting or assaulting and battering an individual described in either subsection (2) or subsection (3) under any of the following, is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both:

(a) This section or an ordinance of a political subdivision of this state substantially corresponding to this section.

(b) Section 81a, 82, 83, 84, or 86.

(c) A law of another state or an ordinance of a political subdivision of another state substantially corresponding to this section or section 81a, 82, 83, 84, or 86.

(5) An individual who *commits an assault or an assault and battery in violation of subsection (2) or (3), and who has 2 or more previous convictions for assaulting or assaulting and battering an individual described in either subsection (2)* or subsection (3) under any of the following, *is guilty of a felony punishable by imprisonment for not more than 5 years* or a fine of not more than $5,000.00, or both:

(a) This section or an ordinance of a political subdivision of this state substantially corresponding to this section.

(b) Section 81a, 82, 83, 84, or 86.

(c) A law of another state or an ordinance of a political subdivision of another state substantially corresponding to this section or section 81a, 82, 83, 84, or 86. [Emphasis added.]

Defendant was charged with and convicted of domestic violence, third offense, under MCL 750.81(5). This is a felony offense, which carries an enhanced prison sentence "for not more than 5 years or a fine of not more than $5,000.00, or both." *Id*. Defendant does not deny that he was twice convicted of domestic violence in 2001.

The prosecutor cited MCL 750.81b as the statutory authority for imposing an enhanced sentence. Defendant correctly posits that MCL 750.81b does not apply in this case. MCL 750.81b applies when the prosecutor seeks an enhanced sentence for a conviction under MCL 750.81(3) or (4), or MCL 750.81a(3). MCL 750.81b(a). By its plain language, MCL 750.81b does not apply when the prosecutor seeks an enhanced sentence under MCL 750.81(5). Accordingly, MCL

750.81b(b)'s mandate that "[t]he defendant's prior conviction or convictions . . . be established at sentencing" does not apply here.

The Legislature amended MCL 750.81 in 2016, and added subsection (3). 2016 PA 87. Before that amendment, the language of the current subsection (5) was located in MCL 750.81(4). At that time, MCL 750.81b applied to the currently charged offense of domestic violence, third offense. The Legislature failed to update MCL 750.81b in 2016, and has yet to do so. This was likely an oversight on the Legislature's part and should be remedied by legislative action. As the statutory language stands, however, MCL 750.81b does not apply in this case.

Contrary to defendant's insistence, the prosecutor was not required to prove defendant's prior convictions during the bench trial just because MCL 750.81b was inapplicable. Trial is designed to test the elements of an offense, not the sentencing consequences. A prior conviction used to enhance a defendant's sentence is not an element of the criminal offense to be proven at trial, but a factor to be considered by the judge at sentencing. *People v Miles*, 454 Mich 90, 100; 559 NW2d 299 (1997); *People v Eason*, 435 Mich 228, 246-247; 458 NW2d 17 (1990). Indeed, this Court recently held in *People v Joseph*, unpublished per curiam opinion of the Court of Appeals, issued December 29, 2020 (Docket No. 349734), that the Legislature's failure to amend MCL 750.81b along with MCL 750.81 did not change the purpose and process of the enhanced sentencing provision: "In this case, defendant had more than two prior qualifying domestic violence convictions, and he did not object to the accuracy of that information. This subjected defendant to the sentence enhancement for domestic violence, third offense. See MCL 750.81(5). . . ." *Joseph*, slip op at 4. As in *Joseph*, defendant in this case was well aware that the prosecutor was seeking an enhanced sentence based on his prior convictions and never challenged the accuracy of those convictions.

> Due process required that defendant be sentenced on the basis of accurate information and have the opportunity to challenge such information. At the sentencing hearing, defendant was able to object to, and change, information in the presentence investigation report . . . . Defendant made no claims below, and makes none on appeal, that he was sentenced on the basis of inaccurate information or did not have an opportunity to challenge such information. [*Id*. at 5.]

Even had defense counsel demanded proof of the prior convictions at the trial, the court would have been required to consider that evidence for its only relevant purpose—to determine whether an enhanced *sentence* was warranted. And defense counsel "cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). Defendant is not entitled to relief.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Anica Letica

-4-